*5
 
 Pearson, J.
 

 We think it clear, that the defendant is, not chargeable for the board and clothes of the plaintiff, while he lived with his father. It was conceded in the argument by the defendant’s counsel, that he is chargeable for board, as well as for tuition and books, during the time that the plaintiff has been or may be placed, as a boarder, at school, or at the University. The only question then is, whether the defendant be chargeable for necessary clothing, as well as board. If the testator had simply directed, that his nephew should be educated at his expense, it is settled by the case of
 
 Cloud
 
 v.
 
 Martin,
 
 1 Dev. & Bat. 399—2 Dev. & Bat. Eq. 274, that the expense of board and clothes, while at school, as well as of tuition, would have been included. But it is urged, that the words: “I mean that all the expenses of the school be paid by my executors. The other expenses, not belonging to his education, to be paid by his father,” qualify and control the general words. This raises the difficulty^
 

 It is apparent from the whole clause, and particularly from the provision, that “in case, for any reason, he could not be educated at the School in Raleigh, he was to be sent to some other school,” that the testator anxiously de- - sired his nephew to be well educated. This is the paramount and leading intent, and such a construction should be g^iven, as to carry it into effect.
 

 Td-confine the testator’s bounty to tuition and school books, which would not exceed one fifLh of the expense of an education, would be inconsistent with the general tone of the clause, and with the assumption, which the testator, from the largeness of his bounty, thought he was at liberty to make, in
 
 directing
 
 that his nephew
 
 should be
 
 educated, and in selecting the school. The defendant’s counsel conceded, that something more was intended, than the expense of tuition and school books, and that board was to be included, embracing, of course, washing wood, candles, &c.
 

 
 *6
 
 It is as necessary to enable him to obtain an education, that a boy should be
 
 clothed,
 
 as that he should be
 
 fed;
 
 and the enquiry is, whether there be- any ground for making a distinction between the expense of clothes, and the expense of board.
 

 It is urged for the defendant, that the words, above recited, suppose “other expenses” besides those of “the school,” which the father was to pay ; and if clothes be included, as well as board, no meaning can be given to these words. The reply is, the argument proves too much ; if clothes are excluded, the same meaning would exclude1 board, which would be unjust to the testator, by supposing him to make large professions — “I direct my nephew to be educated at my expense;” I mean I will pay
 
 one fifth
 
 of the expense, the other four fifths to be paid by his father.
 

 But a further 'reply is, that the words are not simply, ‘‘the other expenses,” but “the other expenses, not belonging to his education.” This explains what is meant by “all the expenses of the schooland reducing it to the single question, what are the expenses belonging to, or incidental to, or necessary for, his education ; which, as before stated, include the expense of board and clothes, while at school, as well as tuition and books. Upon the whole, we think, the testator meant, that his nephew should be educated at his expense, which includes board, clothes, tuition and
 
 books; and that the words,
 
 “other expenses, not belonging to his education,” are satisfied, by referring these to the expense of nurture, while he was too young to be sent from home, and was boarded and clothed by his father at home, to the pocket money, which boys are usually allowed, while at school and at the University, and to the expenses during vacation.
 

 It may be, that the testator meant to make some other distinction. If he did, he has not expressed it with sufficient, clearness to make himself understood} or to justify
 
 *7
 
 a construction, which may defeat his bounty entirely, and prevent the execution of what seems to have been his main intent — that his nephew should have a good education.
 

 There must be a reference, to ascertain the amount expended for the plaintiff’s board and clothes, during the time he has been boarded out; the amount, that will be necessary for his board, clothes tuition, and books, until he is prepared to enter the University , and the amount, that will be necessary for board <fcc, while he is at the University.
 

 Per Curiam.
 

 Decree accordingly.